UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2025-cv-2031—24-cv-9743—25-cv-4505*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**PLAINTIFF'S MOTION TO AMEND OR MAKE ADDITIONAL FINDINGS OF FACT UNDER FEDERAL RULE OF CIVIL PROCEDURE 52(b)**

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure, Plaintiff **Lucio Celli** respectfully moves this Court to amend or make additional findings of fact as the Magistrate Judge's Report and Recommendation ("R&R") failed to include, or improperly excluded, critical and ultimate findings of fact necessary to support Plaintiff's constitutional and statutory claims. These omissions materially affect the adjudication of the claims and undermine the fairness and integrity of these proceedings.

---

I. LEGAL STANDARD

Rule 52(b) provides:

"On a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly."

The rule permits correction of factual omissions or misstatements to facilitate appellate review and to ensure that all essential factual determinations are explicitly addressed. See *Perez v. Ortiz*, 849 F.2d 793, 797 (2d Cir. 1988); *In re Mazzeo*, 167 F.3d 139, 142 (2d Cir. 1999).

Where a magistrate has omitted ultimate facts dispositive to Plaintiff's constitutional claims—particularly retaliation, deprivation of wages and pension rights, and disability-related harm—

amendment is required. *United States v. Raddatz*, 447 U.S. 667 (1980); *Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985).

## II. GROUNDS FOR RELIEF

Plaintiff requests amendment of the R&R to include findings on the following ultimate and material facts:

### A. Retaliation Against Plaintiff for Protected Activity

The R&R omits Plaintiff's well-pleaded factual allegations and evidence showing retaliatory conduct, including fabricated charges, altered transcripts, and improper probationary conditions coordinated by the UFT, DOE, and judicial actors.

- See Complaint on page 38 ¶¶ 88–101; August 9, 2023 Transcript.
- Excluded facts: Statements made by Officer Cudina admitting that retaliation was preplanned; audio and documentary evidence of protected activity leading to adverse employment action.

### B. Wage Theft and Pension Deprivation as Ongoing Harm

Despite detailed allegations and attached documentation showing Plaintiff's wages were improperly withheld, and pension credits lost due to false disciplinary findings and misrepresented arbitration, the R&R entirely omits findings on this point.

- See Complaint; Plaintiff's Payroll Records Statements by DOE General Counsel.
- These omissions violate due process and the standards set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

### C. Disability Discrimination and HIV Drug Resistance Caused by Denial of Benefits

The R&R failed to include findings on the denial of health benefits leading to HIV drug resistance, despite Plaintiff pleading this clearly and presenting medical documentation.

- See *Fulton v. Goord*, 591 F.3d 37 (2d Cir. 2009) (failure to accommodate HIV-related conditions actionable under Title II).
- Plaintiff's medical records and declarations were submitted showing interrupted treatment due to retaliation and administrative obstruction.

### D. Evidence of Quid Pro Quo and Judicial Misconduct

The R&R's factual findings are compromised by its omission of Plaintiff's allegations—supported by circumstantial evidence and witness statements—that Magistrate Judge Lehrburger

excluded material evidence and witnesses in exchange for political protection and reappointment support from Chief Judge Livingston and aligned parties.

- See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).
- These omissions go directly to structural due process and impartial tribunal guarantees under the Fifth Amendment.

Lehruburger excluded all documents, and witnesses to help the UFT and the NYC to steal from me and my parents.

### III. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Amend the R&R to include findings of fact regarding Plaintiff's retaliation, wage and pension harm, and disability-related damages;
2. Include ultimate facts on judicial misconduct and improper exclusion of evidence supporting Plaintiff's claims;
3. Order an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1) and Rule 65(a)(2) to resolve material factual disputes that the Magistrate failed to address;
4. Vacate or modify the judgment accordingly under Rule 52(b) and Rule 59(e).

**CONCLUSION**

The failure to include ultimate facts material to Plaintiff's constitutional and statutory claims constitutes reversible error. The omissions distort the procedural posture, deprive Plaintiff of appellate review, and raise structural due process concerns. Amendment under Rule 52(b) is both warranted and necessary.

Respectfully submitted,

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]