# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*25-cv-4505—24-cv-9743—25-cv-2031*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

**MOTION FOR SANCTIONS, EVIDENTIARY HEARING, AND ENFORCEMENT OF 18 U.S.C. § 1581, AND RELATED CONSTITUTIONAL VIOLATIONS ARISING FROM ILLEGAL DETENTION TO ENFORCE WAGE THEFT AND OBSTRUCT JUDICIAL ORDERS—part of fabricated probation violation and civil RICO**

**PRELIMINARY STATEMENT**

Pursuant to Federal Rules of Civil Procedure 11, 52(b), 59(e), and 60(d)(3), Plaintiff moves for judicial sanctions, evidentiary hearing, and referral of this matter to appropriate federal authorities based on **illegal arrests and detentions orchestrated to enforce unlawful wage theft** and **suppress enforcement of a lawful judicial order** by Judge Paul Engelmayer.

The scheme was orchestrated by **Judge Brian M. Cogan**, acting in a private capacity or under political influence to protect his **former clients**, including the **UFT and Randi Weingarten**, and further enabled by SDNY actors acting under color of law. These coordinated acts meet the definition of **modern peonage**, violate the Constitution, and amount to obstruction of justice under 18 U.S.C. §§ 1581, 241, 242, and 371.

**FACTUAL BACKGROUND**

1. Plaintiff was subjected to **two illegal arrests and detentions**, which were not supported by law, were politically motivated, and were implemented to suppress the enforcement of rights previously acknowledged by Judge Engelmayer.

2. **Judge Brian M. Cogan** had direct or indirect ties to Randi Weingarten and the UFT, including prior representation or political alignment. Despite this, he acted or conspired to enforce fabricated legal processes designed to silence Plaintiff and prevent recovery of **stolen wages, benefits, and pension credits**.

3. The **wage theft was systemic** and carried out in bad faith to benefit UFT officials, Weingarten, and entities connected to the City of New York, in violation of labor, civil rights, and constitutional protections.

4. To prevent Plaintiff from vindicating those rights, SDNY actors:
   o **Orchestrated retaliatory arrests**,
   o Suppressed **Judge Engelmayer's prior order(s)** recognizing Plaintiff's procedural claims,
   o Coordinated with Probation Officer Cudina, who confirmed the **cover-up was approved by Chief Judge Livingston**,
   o Denied Plaintiff **access to HIV medication**, inducing confirmed **drug resistance**.

5. These actions satisfy the statutory definition of peonage and obstruction, and further support claims under § 1983, § 1985(3), and § 241.

---

## LEGAL ARGUMENT

## I. Violation of 18 U.S.C. § 1581(a): Detention to Enforce Wage Theft Is Peonage

Detaining Plaintiff to prevent him from enforcing labor and judicial rights — including wages and benefits guaranteed by law — constitutes **involuntary servitude and peonage**. See *Bailey v. Alabama*, 219 U.S. 219 (1911); *United States v. Kozminski*, 487 U.S. 931 (1988). The legal system was weaponized to **force compliance with an unjust deprivation of pay and liberty**.

## II. Violation of § 1581(b): Interference With Enforcement of a Judicial Order

Judge Cogan and co-conspirators obstructed the enforcement of Judge Engelmayer's order — including the removal or suppression of favorable rulings — in violation of subsection (b). Suppressing such orders and substituting fabricated proceedings meets the statutory definition of obstruction.

## III. Violations of the Fourth and Fifth Amendments and Color of Law Statutes

- **Unlawful seizure** and detention violated the Fourth Amendment.
- **Deprivation of liberty, wages, and healthcare** without due process violated the Fifth Amendment.
- These actions were taken **under color of law**, implicating 18 U.S.C. § 242 and § 1983.

## IV. Conspiracy to Interfere With Civil Rights – 18 U.S.C. § 241 and § 371

Multiple actors coordinated to:

- Fabricate proceedings,
- Detain Plaintiff pretextually,
- Prevent Plaintiff's access to a fair tribunal.

This meets the standards set forth in *Griffin v. Breckenridge*, 403 U.S. 88 (1971), and other Second Circuit authority governing § 1985(3) and § 241/371 claims.

---

**RELIEF REQUESTED**

Plaintiff respectfully moves for:

1. A **Rule 60(d)(3) finding of fraud on the court**, based on the suppression of favorable rulings and fabrication of false legal conditions by Cogan and others;
2. A **Rule 52(b) and Rule 59(e) amendment** to factual findings regarding the purpose of Plaintiff's arrests;
3. An **evidentiary hearing** to develop the record on:
   - Wage theft concealed by Judge Cogan,
   - Probation-based coercion approved by Judge Livingston,
   - Suppression of Engelmayer's order;
4. **Sanctions** against Judge Cogan (if acting under color of law), AUSA Karamigios, Judge Lehrburger, and others who facilitated the detention and obstructed justice;
5. **Referral to the DOJ Public Integrity Section**, under 28 U.S.C. § 535 and §§ 1581, 241, and 242;
6. Leave to **supplement the record** with Officer Cudina's audio, UFT email admissions, and withheld Engelmayer orders;
7. Any other relief this Court deems just and appropriate.

---

**CONCLUSION**

This case presents facts of **extraordinary gravity**: the judicial system was misused to **enforce wage theft, suppress constitutional orders, and punish political speech through unlawful detention**. Such acts fall squarely within the statutory framework of **peonage, obstruction, and civil rights violations**. This Court must act to **preserve public justice and restore the integrity of its orders**

/s/ Lucio Celli


DATED: June 18, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com