# UNITED STATES DISTRICT COURT SOUTHERN

# DISTRICT OF NEW YORK

### *2024-cv-09743/25-cv-203/25-cv-4505*

Lucio Celli,

Plaintiff, v.

New York City et al, Defendants.


MOTION TO REQUEST INTERJUDICIAL CONFERENCE UNDER RULES OF COURT FOR POSSIBLE RELATED CASE DESIGNATION—Hon. Subramanian but he does not address this political misuse of his office for Schumer or stealing wages from me for Randi or helping Livingston deny me remedies—anyway, he referenced my termination which flags this request under local rules

**TO THE HONORABLE COURT:**

Plaintiff respectfully moves this Court to initiate or authorize a judicial conference between the Hon. Subramanian and the Hon. John P. Cronan regarding whether this matter and [insert second case name or docket number] involve common questions of fact, parties, or legal issues warranting treatment as **related cases** under Local Rule 13 and Fed. R. Civ. P. 42(a).

Committing crimes for Randi, Engelmayer and Livingston also impairs the court under 18 USC § 371, especially to steal wages and pension from me---according to Cronan

Preventing Pres Trump to fulfil his constitutional duties and ensure Livingston, Engelmayer, Randi and Schumer held accountable for their criminal conduct of depriving me of every single right

From 25-cv-4505

07/25/2025    Doc. NO. 49

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651: Accordingly, Celli's suit is dismissed. Within thirty days of this order, Celli is hereby ordered to show cause by declaration why the Court should not ban Celli from filing any case in the Southern District **concerning his termination from the DOE or the consequences of his termination without first obtaining leave of court.** See 28 U.S.C. §1651(a); In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out

Article III functions."); see also Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard."); Woodhouse v. Meta Platforms Inc., 704 F. Supp. 3d 502, 517 (S.D.N.Y. 2023) ("[T]he normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints." (citation omitted)). The Clerk of Court is directed to terminate Dkts. 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 33, 34, 35, 38, 39, 40, and 47. SO ORDERED. (Signed by Judge Arun Subramanian on 7/25/2025) (sgz) (Entered: 07/25/2025)

I will find it funny because the request is the same

---

## I. LEGAL BASIS

**Southern District of New York Local Rule 13(a)(1)** provides that cases may be deemed related if they:

- Arise from the same or substantially identical transactions or events;
- Involve substantially the same parties or similar legal issues;
- Would entail substantial duplication of judicial effort if heard by different judges.

See also *Fed. R. Civ. P. 42(a)* (consolidation of related actions to avoid duplication and inconsistent rulings).

---

## II. GROUNDS FOR RELATION

Plaintiff respectfully asserts that both proceedings share overlapping issues including:

1. **Enforcement and concealment of Judge Engelmayer's order** issued during the Trump administration;
2. **Factual overlap** involving the conduct of Randi Weingarten, Officer Cudina, AUSA Karamigios, and attorney Adam Silverman;
3. Allegations of **obstruction of access to court, suppression of exculpatory evidence**, and interference with due process and federal constitutional rights;
4. **Overlapping injuries**, including denial of earned wages, benefits, and access to HIV medications;
5. Political misuse of judicial office to protect the same set of actors.

If not coordinated, the two courts risk issuing inconsistent rulings or duplicative sanctions and dismissals based on distorted or missing records.

III. REQUEST FOR RELIEF

Petitioner respectfully requests that:

1. This Court issue an order or directive inviting **Judge Cronan and Judge [Insert]** to confer under Local Rule 13 and Rule 42(a) as to whether the cases at issue should be considered **related or consolidated for limited purposes**;
2. All findings or communications resulting from this judicial consultation be **recorded or docketed** for transparency;
3. In the alternative, that the Chief Judge of the District be notified under Local Rule 13(c) to resolve any potential conflict or duplication.

IV. CONCLUSION

In light of overlapping facts, parties, and political conflicts of interest, interjudicial coordination is both prudent and necessary. The Court's attention to this request may prevent further injustice, preserve judicial economy, and clarify the record regarding Judge Engelmayer's suppressed order and its binding effect.

Respectfully submitted,

Respectfully submitted,

/s/ Lucio  Celli

Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com