UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*2025-cv-4505*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.


**PLAINTIFF'S MOTION FOR FACTUAL FINDINGS AND RECONSIDERATION PURSUANT TO FRCP 52(b), 59(e), AND 60(b)(1)–(6)**

Plaintiff respectfully moves this Court, pursuant to Rules 52(b), 59(e), and 60(b) of the Federal Rules of Civil Procedure, to supplement its Order Doc. No 48 dismissing or sanctioning Plaintiff by labeling his constitutional and statutory claims as "frivolous," without findings of fact, legal standards, or evidentiary discussion supporting that conclusion. Plaintiff requests specific factual findings as to:

1. **How Plaintiff's assertions of political interference by Senator Charles Schumer,**
2. **Judicial retaliation in connection with Plaintiff's exercise of rights to access the courts, communicate with Congress, and recover withheld wages and pension benefits, and**
3. **Allegations that Randi Weingarten and the United Federation of Teachers (UFT) engaged in federally cognizable misconduct, aided and concealed by judicial actors**

can be dismissed or characterized as "frivolous" without inquiry into the evidence submitted, including audio recordings, emails, court orders, and extrajudicial statements made by relevant officials.

---

I. LEGAL STANDARD

Under **Rule 52(b)**, a party may move the court to amend its findings or make additional findings to support its judgment. "[W]hen a trial court fails to make findings essential to resolution of the

issues, the appropriate remedy is to require the court to make such findings." *See Anderson v. City of Bessemer City*, 470 U.S. 564 (1985).

Under **Rule 59(e)**, a party may seek to alter or amend a judgment where there has been a clear error of law or manifest injustice. "[T]he court abuses its discretion when it fails to address significant arguments or evidence presented." *See Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992).

Under **Rule 60(b)(1)-(6)**, relief is appropriate when a judgment was entered as a result of "mistake," "fraud," "misconduct," or "any other reason that justifies relief." *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988); *United States v. Throckmorton*, 98 U.S. 61 (1878).

---

## II. BASIS FOR RELIEF

Plaintiff asserts that this Court's prior dismissal of the claims — particularly those involving:

- **Evidence of Senator Schumer's direct or indirect involvement in judicial appointments and the timing of retaliatory rulings,**
- **Judge Engelmayer's order referencing the Department of Education's prior knowledge, now omitted from the docket and concealed by SDNY clerks,**
- **Direct statements from Officer Cudina implicating judicial protection of Randi Weingarten,**
- **Admissions by Ben Silverman and AUSA Karamigios that they acted to protect political allies,**
- **Ongoing deprivation of HIV medication, wages, and pension access in coordination with UFT and federal actors**,

was issued **without specific factual analysis or citation to the evidentiary record**, rendering the dismissal "frivolous" in name only, without legal or factual justification.

This constitutes **clear error and manifest injustice**, especially given the constitutional, statutory, and factual claims raised — including under:

- 42 U.S.C. § 1983 (deprivation of rights under color of law)
- 42 U.S.C. § 1985(3) (conspiracy to interfere with civil rights)
- 18 U.S.C. §§ 241, 371, 1512(c), and 1505 (criminal civil rights conspiracies and obstruction)
- Bell v. Hood, 327 U.S. 678 (1946) (federal court jurisdiction over constitutional damages claims)

## III. REQUESTED RELIEF

Plaintiff respectfully requests that this Court:

1. **Issue detailed findings of fact and conclusions of law** under Rule 52(b) explaining the basis for labeling Plaintiff's constitutional and statutory claims "frivolous," if such findings exist;
2. **Amend or alter the judgment** pursuant to Rule 59(e) to remove conclusory or defamatory language unsupported by factual findings or record citations;
3. **Vacate the judgment or order** under Rule 60(b)(1), (3), or (6) on grounds of mistake, fraud, misconduct by opposing parties or the court, or any other reason justifying relief;
4. **Order a hearing under Rule 60(b)** to address newly submitted audio and documentary evidence omitted from prior proceedings.

---

## IV. CONCLUSION

Labeling fact-supported claims as "frivolous" without evidentiary hearing or findings is itself a due process violation. The Court must articulate factual and legal grounds for dismissing allegations involving **judicial concealment of criminal conduct, political interference, and deprivation of medically necessary care and earned compensation**.

Respectfully submitted,


/s/ Lucio Celli



DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com