# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

25-cv-4505

Lucio Celli

Plaintiff,

v.

NYC et al

Defendants.

NOTICE OF MOTION FOR LIMITED DISCOVERY TO DEVELOP CLAIMS OF JUDICIAL BIAS AND PROCEDURAL MISCONDUCT PURSUANT TO BRACY v. GRAMLEY, 520 U.S. 899 (1997)—Cudina's admission Chief Judge Livingston's evil intent to conceal her criminal conduct for Engelmayer/Randi Wiengarten and intentional denial of HIV meds with a televised hearing on Judge Sumanian's criminal conduct under 18 USC §371 for distortion of facts as consequences of termination vs events that occurred PRE-termination

PLEASE TAKE NOTICE that, upon the annexed Motion for Limited Discovery, the accompanying Memorandum of Law –it was deleted, and the prior submissions and evidence in this matter, the undersigned will move this Court, at a time and place to be designated by the

Court, for an Order:

1. Granting limited discovery as outlined in the attached motion, pursuant to Bracy v. Gramley, 520 U.S. 899 (1997), and the Court's inherent authority to supervise proceedings;

2. Permitting subpoenas or document production requests to court officers and related personnel involved in the alleged suppression of evidence, docket manipulation, and coordinated retaliation;

3. Directing that the administrative and metadata records of Clerk Wolfe, and internal communications between Judge Rearden, Judge Engelmayer, and Judge Livingston, be preserved and disclosed for inspection;

4. And for such other and further relief as this Court deems just and proper.

5. Helping Randi Weingarten, Judge Engelmayer, Clerk Wolfe and Chief Judge Livingston is the issue that is not seen in any of the orders published by her

6. Judge Rearden has a crazy idea—from Wolfe and Randi—"looking back will shield her but the public has the right to know what crimes has she concealed or further for the Cartel, the Senators and Randi—

7. I am not mad that my name was in the paper because I was a public employee and people have the right to know about public money

8. I am mad that the paper obtained my doctor's notes and supposedly, Livingston and Engelmayer's know it is Randi

9. The public had the right to know my arrest but not anything covered under HIPPA because I did not give that permission to anyone. Political gangs is not frivolous is our founders envisioned what Your Honor has lied about and has distanced herself—as your conduct and that of each judge's conduct is part is political gang whether Your Honor likes it or not.

Coming Affidavit Supplement – Judicial Misuse of Office by Judge ennifer Rearden

Factual Record Demonstrating Political Retaliation and Suppression of Constitutional

Claims

1. A review of the docket in this matter will confirm that Judge Jennifer H. Rearden has misused her Article III authority to protect political allies and shield prior judicial misconduct. Her rulings have deliberately avoided factual development, ignored binding precedent, and failed to address multiple, verified constitutional violations.

2. Notably, Judge Rearden has refused to enforce or even acknowledge orders previously issued by Judge Paul A. Engelmayer, which are central to the litigation and form the basis of my requests for relief. This omission is not inadvertent—it is a conscious strategy to distance herself from the conduct of her judicial colleagues while continuing to suppress the underlying truth.

3. In May 2024, Probation Officer Cudina made a statement1 confirming that the retaliatory actions I experienced—including denial of benefits, interference with judicial filings, and procedural obstruction—were rooted in directives traceable to Judge Engelmayer and Chief Judge Livingston. This statement substantiates the existence of off-record influence by judicial officers acting in concert with politically motivated actors, including Randi Weingarten and officials connected to the "Schumer Bloc."

4. Despite this evidence, Judge Rearden has refused to develop a factual record, address the credibility of Officer Cudina's statements, or enforce orders that would contradict the cartel's desired outcome. This conduct amounts to willful blindness, a legally recognized doctrine by which knowledge is inferred when a public officer deliberately avoids

evidence of illegality.

5. Her silence and strategic distancing do not absolve her of complicity. To the contrary, Judge Rearden's refusal to apply controlling authority such as Dennis v. United States, 341 U.S. 494 (1951)—a case on political conspiracy and systemic suppression of rights—demonstrates judicial evasion, not discretion.

6. These actions reflect a deeper institutional problem: Judge Rearden is operating in furtherance of a judicial cartel that includes Chief Judge Debra Ann Livingston, Judge Engelmayer, and Randi Weingarten, all of whom have coordinated to insulate each other from legal exposure and public accountability.

1 In the Medicaid cab

Case 1:24-cv-07442-JHR-SDA Document 23 Filed 06/13/25 Page 2 of 3

7. Judge Rearden's conduct must be referred to oversight authorities under 28 U.S.C. § 351, and meets the constitutional threshold for impeachment under Article II, § 4, as defined in Federalist No. 65, which considers acts of betrayal of public trust—especially those that injure the judiciary or society at large—as political offenses warranting removal.

Executed on this ___ day of [Month], 2025.

---

Respectfully submitted,

/s/ Lucio Celli
DATED: June 11, 2025
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
917-275-3919
Lucio.Celli.12@gmail.com