UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUCIO CELLI,<br><br>       Plaintiff,<br><br>  -against-<br><br>JUDGE LEHRBURGER et al.,<br><br>       Defendants. | 25-cv-4505 (AS)<br><br>BAR ORDER UNDER<br>28 U.S.C. § 1651 |

ARUN SUBRAMANIAN, United States District Judge:

  On July 25, 2025, the Court dismissed Lucio Celli's complaint and ordered him to show cause by declaration why he should not be banned under 28 U.S.C. 1651 from filing any case in the Southern District concerning his termination from the New York State Department of Education (DOE) or the consequences of his termination. *See* Dkt. 49. Celli has filed nearly fifty motions, letters, and notices with the Court since that date (and sent scores of improper and incendiary emails to a hodge-podge list of judges, administrators, and lawyers), none of which is sufficient to convince the Court against imposing a filing ban. Accordingly, the bar order will issue.

  "District courts possess the authority to enjoin parties from 'onerous, multiplicitous, and baseless litigation.'" *7 West 21 LI, LLC v. Mosseri*, 2025 WL 1224832, at *4 (S.D.N.Y. Apr. 28, 2025) (quoting *Abdullah v. Gatto*, 773 F.2d 487, 488 (2d Cir. 1985)). "'Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions,' which includes the power to act against vexatious litigation." *Id.* (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984)). In evaluating whether to restrict a litigant's access to the courts, the Second Circuit has instructed courts to consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

  Here, these factors clearly illustrate that a filing ban is appropriate. First, Celli has a long history of filing vexatious, duplicative lawsuits related to his termination from the DOE and

his criminal conviction for threatening federal judges, which multiple judges in this district have recounted. *See Celli v. New York City*, 2025 WL 1810365, at *1–4 (S.D.N.Y. May 27, 2025) (setting forth "Celli's history of frivolous and vexatious litigation most relevant to the instant dispute"); *see also Celli v. Bondi*, 2025 WL 903136, at *2–4 (S.D.N.Y. Mar. 24, 2025) (recounting Celli's litigation history).

Second, Celli does not have an objective, good-faith expectation of prevailing on these lawsuits, all of which have been dismissed. *See Safir*, 792 F.2d at 24 (holding that filing ban was warranted in part because "most of Safir's claims have been resoundingly rejected by the courts"). Moreover, the instant complaint contains outlandish claims, such as accusing Judge Lehrburger of being paid to cover up crimes simply because he recommended that one of Celli's lawsuits be dismissed, and accusing various other judges of participating in a criminal conspiracy.

Third, Celli is not represented by counsel, so he is "afforded some latitude." *7 West 21 LI, LLC*, 2025 WL 1224832, at *5. But even so, his status as a *pro se* litigant "does not excuse vexatious or frivolous conduct." *Id.* And Celli has been put on notice in multiple suits that his claims are frivolous, so "it is appropriate to charge [him] with knowledge of, and therefore withdraw special status in relation to, particular [legal] requirements." *Sledge v. Kooi*, 564 F.3d 105, 109 (2d Cir. 2009).

Fourth, Celli has "posed an unnecessary burden on the courts on their personnel" by filing a barrage of baseless suits and motions, all while continually sending court personnel "ranting, derogatory, and sometimes profane emails." *Celli*, 2025 WL 1810365, at *17. Moreover, after adjudicating one of Celli's suits, judges are likely to find themselves named as a defendant in the next one. As Judge Lehrburger wrote when recommending that a filing ban be imposed against Celli, "[e]nough is enough." *Id.*

Finally, no lesser sanction would be sufficient to deter Celli. He has been warned multiple times that his behavior might lead to a filing ban, yet he persists in the same vexatious conduct. And he has a long history of ignoring district court orders of all stripes. *See Celli v. Cole*, 699 F. App'x 88, 89 (2d Cir. 2017) (noting that "Celli has shown brazen and profane resistance to the District Court's instructions").

Accordingly, Celli is hereby barred from filing future civil actions concerning his termination from the DOE or the consequences of his termination without first obtaining from the court leave to file. *See* 27 U.S.C. § 1651. As for the scope of the ban, Celli says that he is a "retired," not terminated, employee, *see* Dkt. 73 at 1, so to be clear, this ban encompasses Celli's separation from the DOE and the consequences of that separation, however that occurred.

Celli must attach a copy of his proposed complaint and a copy of this order to any motion seeking leave to file. The motion must be filed with the Pro Se Intake Unit of this court. If Celli violates this order and files an action without filing a motion for leave to file, the action will be dismissed for failure to comply with this order. Celli is further warned that the continued

2

submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties or the imposition of a bar on filing any new action in this district without leave of court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to close this action and terminate any motions in this case. The Court also directs the Clerk of Court to provide Celli a copy of this order should he appear at the court's Pro Se Intake Unit window.

SO ORDERED.

Dated: September 4, 2025
New York, New York

　　　　　　　　　　　　　　　　　　　　　　　ARUN SUBRAMANIAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge