# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

*25--cv-4505*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

MOTION TO ACCEPT OBJECTION TO SANCTION AS TIMELY DUE TO CLERICAL ERROR—the document appears on 25-cv-2031 at Doc. No. 92—It does not matter what file or do not file as the decision for Randi Weingarten and Sen. Schumer has been already been made

Plaintiff respectfully moves this Court to accept and consider Plaintiff's Objection to Sanction notwithstanding a clerical error in the case caption where Plaintiff inadvertently left the prior docket number **24-cv-9743** rather than changing it to the correct docket number **25-cv-4505**.

The document has 24-cv-9743 and 25-cv-2031, but the clerks only filed in 2031

This error was inadvertent and purely clerical in nature, and Plaintiff filed the objection in good faith within the time permitted. Plaintiff respectfully submits that dismissal or disregard of the objection on this basis would elevate form over substance and deprive Plaintiff of review on the merits.

---

ARGUMENT

1. **Clerical Errors Should Not Defeat Meritorious Claims.**
   Federal courts have consistently held that procedural rules should be construed to allow consideration of claims on the merits where possible, particularly when the defect is clerical or technical. See *Foman v. Davis*, 371 U.S. 178, 181–82 (1962) (federal rules should be liberally construed to decide cases on the merits rather than on technicalities); *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (excusable neglect includes clerical mistakes).

**Sanctions should never be politically made as Your Honor wrote that I need to forget what was done to me.**

2. **Second Circuit Precedent Favors Decisions on the Merits.**
   The Second Circuit has repeatedly emphasized that "litigation should be resolved on the merits if possible." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). Clerical or caption errors, particularly those promptly corrected, do not warrant dismissal. See *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (pro se filings are to be liberally construed to avoid technical traps).
3. **Federal Rule of Civil Procedure 60(a).**
   Rule 60(a) recognizes the distinction between substantive errors and "clerical mistakes." Such mistakes, once identified, should be corrected so that the record reflects the intended filing. The miscaptioning here falls squarely within the scope of a clerical mistake.
4. **No Prejudice to Defendants or the Court.**
   Defendants suffer no prejudice by allowing the objection to proceed under the correct docket number. The filing was timely made, and the Court retains full authority to adjudicate the merits. Dismissing the objection due to a mis-caption would contravene the policy favoring decisions on the merits. See *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court accept the Objection to Sanction as properly filed in this matter (25-cv-4505), notwithstanding the clerical caption error, and consider the filing on its merits.

1. .

**Dated:** 9/3/25
Respectfully submitted,

/s/ Lucio Celli

DATED: [Date]
Respectfully submitted,
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
Lucio.Celli.12@gmail.com

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]