UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*25-cv-3669/ 25-cv-4505/2024-cv-09743/25-cv-2031/24-cv-7442*

Lucio Celli,

Plaintiff,

v.

New York City et al,

Defendants.

PLAINTIFF'S MOTION TO CORRECT AND SUPPLEMENT THE RECORD PURSUANT TO FRCP 60(b), 60(d)(3), AND FRAP 10(e)—especially THE ONE that highlight exactly how each Schumer and Gillibrand judge "couldn't read" Silverman admitted or how Kellman admitted about Engelmayer or the fact that Kopplin/AUSA Amundson has the audio or the fact that I was deprived free will by Ranid/Cogan with it being in the transcript, audio recorded between Silverman and I and the fact that AUSA Smith has the and supported Randi/Cogan obstructing justice as I placed a motion for lack of free will

### INTRODUCTION

Plaintiff respectfully moves this Court to correct and supplement the record due to **missing motions and documents** that are essential to appellate review. These omissions involve filings that directly concern allegations of interference by Randi Weingarten, concealment by Senators Charles Schumer and Kirsten Gillibrand, and judicial knowledge and complicity by Judge Engelmayer and Chief Judge Livingston. The absence of these materials not only prevents meaningful appellate review but also constitutes a denial of due process and a fraud upon the Court.

## FACTUAL BACKGROUND

1. Plaintiff filed motions and submitted evidence demonstrating that:
    - Randi Weingarten and her union apparatus interfered with Plaintiff's access to wages, pension benefits, and critical HIV medication.
    - Senators Schumer and Gillibrand, with knowledge of these facts, acted to conceal Weingarten's conduct through political influence over the judiciary.
    - Judge Engelmayer and Chief Judge Livingston were made aware of this misconduct and nonetheless failed to enforce orders and concealed Plaintiff's evidence, including audio recordings and transcripts.
2. Several of these motions and supporting documents were either:
    - Not docketed by the Pro Se Intake Unit,
    - Mischaracterized as other filings (e.g., mislabeled as "motion to amend" when in fact it was a motion to preserve objections), or
    - Omitted entirely from the record now transmitted for appeal.
3. These omissions directly impact the appellate record, preventing the reviewing court from considering evidence of political retaliation and constitutional violations.

## LEGAL STANDARD

- **FRCP 60(b)(1), (4), and (6):** Authorizes relief from judgments where there is mistake, void judgment due to due process denial, or any other extraordinary circumstance.
- **FRCP 60(d)(3):** Preserves the Court's inherent power to set aside a judgment for fraud upon the court.
- **FRAP 10(e)(2):** Permits correction or supplementation of the record when material items are omitted "by error or accident."
- **Griffin v. Illinois, 351 U.S. 12 (1956):** Appellants are entitled to a record adequate for effective review.
- **Draper v. Washington, 372 U.S. 487 (1963):** A deficient record denies due process.
- **United States v. Aulet, 618 F.2d 182 (2d Cir. 1980):** Missing materials may require remand because appellate review is impossible.

## ARGUMENT

1. **The Omitted Documents Are Material to Constitutional Claims**
   The missing motions address allegations that Weingarten, Schumer, and Gillibrand engaged in a pattern of political retaliation that deprived Plaintiff of medical treatment and financial entitlements. Judicial concealment of such evidence prevents adjudication of serious constitutional and statutory claims under the First, Fifth, and Fourteenth Amendments.

2. **Judicial Knowledge of the Omitted Filings Underscores Fraud on the Court**
   Judge Engelmayer and Chief Judge Livingston were aware of the filings and the evidence they contained, including audio admissions by officers and union officials. Their failure to ensure these materials entered the record constitutes misconduct and fraud upon the court under Rule 60(d)(3).
3. **Appellate Review Is Impossible Without Correction**
   The Second Circuit cannot perform meaningful review without access to the omitted motions and exhibits. Denial of supplementation would perpetuate structural due process violations.

RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Order that the record be corrected and supplemented under **FRAP 10(e)** to include all omitted motions, objections, and supporting exhibits filed by Plaintiff, particularly those relating to Randi Weingarten's interference and concealment by Senators Schumer and Gillibrand.
2. Vacate or reconsider prior judgments under **FRCP 60(b)(4) and 60(d)(3)** insofar as they were predicated on an incomplete and distorted record.
3. Grant such further relief as this Court deems just and proper to preserve Plaintiff's constitutional right to meaningful appellate review.

Respectfully submitted

/s/ Lucio Cellli

DATED: 9/15/25
Lucio Celli
89 Widmer Road
Wappingers Falls, New York 12590
929-429-0155
<u>Lucio.Celli.12@gmail.com</u>

## Certificate of Service

I hereby certify that on [Date], a copy of the foregoing Motion to [Specify Relief Sought] was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

[Attorney's Name]